# Sloan's Appeal.

Legacies are to be paid out of the personal estate, if not otherwise directed.

A clause in a will, "I give and bequeath to my son all my personal property in the city of Philadelphia, excepting securities of every kind, and building association stock,"—construed, and held to exclude all choses in action.

(Decided February 23, 1886.)

Appeal from an order of the Orphans' Court of Delaware County rendered in the construction of a will. Affirmed.

There are but two questions raised by this appeal. They are

NOTE.—If legacies are not charged upon the land the orphans' court has no jurisdiction of a petition for a decree directing its payment out of the real estate. Schmehl's Appeal, 8 Atl. 874, 5 Sad. Rep. 486.

raised upon exceptions to the account of Elizabeth M. Sloan and William Jones Sloan, executors of the last will and testament of Malachi W. Sloan, late of the township of Marple, Delaware county, as filed by Elizabeth M. Sloan.

The first is a contest between Elizabeth M. Sloan, the widow and accountant, as just stated, and her step-son, William Jones Sloan, as to the right to the sum of $3,134.75.

The second is as to the fund from which a $1,000 legacy given to Albert Wilson Sloan by the will of the decedent is payable.

The court below in disposing of the questions delivered the following opinion:

CLAYTON, P. J.:

The chief exception is to the construction given by the auditor to the following clause in the testator's will: "All my personal property in the city of Philadelphia, excepting securities of every kind, and building association stock," — which he bequeathed to his son, William Jones Sloan.

At the time of his decease the testator was possessed of horses, carts, mules, and other specific personal property in the city of Philadelphia. He was also a member of a firm engaged in the partnership business of hauling for the gas trust, under a written contract, by which the profits of the business were ascertained. At the time of testator's death there had been earned and was due, as his share of the profits of the business, the sum of $3,134.75. This money was paid by the surviving partner to William Jones Sloan, as his father's executor, and was by him handed over to his coexecutor as a part of the general estate. He, however, now claims that this money passed to him as a specific bequest under the clause of the will above cited.

The auditor has carefully considered the question, and has decided that the testator's intention as gathered from his whole will was not to give the legatee his choses in action, which are always in law supposed to be located at the domicil of the decedent, but was simply to give him such personal property as could be handled, seen, and specifically handed over to the legatee. From other similar bequests in the will it sufficiently appears that this was the testator's intention; but without such intrinsic evidence such an intention would be implied by law. The testator expressly excepts securities of every kind. Webster defines a security to be something to be given or deposited to make

certain the fulfilment of an obligation, the observance of a provision, or the payment of a debt. He also says it may mean any evidence of a debt. A contract which secures, or clearly ascertains, the amount of money due upon the performance of certain work, or the furnishing of certain materials, is a security in law. A book of original entries of work done or materials sold and delivered is a security. The fact that the security belonged to a partnership, of which the decedent was a member, can make no possible difference. The exception, therefore, to this ruling of the auditor is dismissed.

The next exception urged upon the argument is to the ruling of the auditor that the legacy of $1,000, given to Albert Wilson Sloan, should be paid out of the trust fund raised by the seventh item of the will. While it is true that, in the absence of specific directions in the will, all legacies are to be paid out of the personal estate, it is also true that the testator can direct them to be paid as he pleases, and in this case he has clearly exercised the right, and has ordered this legacy paid out of a fund to be raised by the sale of certain lands devised for that purpose. This exception is also dismissed.

The accountants have claimed commissions at the rate of 5 per cent upon the personal estate administered by them. There were no exceptions as to the amount of commissions charged. The only dispute was as to how they should be divided. The auditor has found as a fact that the services rendered and the responsibility of the accountants were equal, and that the commissions ought to be equally divided between them. It must also be remembered that the will makes them trustees as well as executors, and our law allows but one commission. As there was no dispute between the parties as to the amount of the commissions, but only as to the division, we think the auditor erred in disallowing the amount claimed.

For the correction of this error the report is referred back to the auditor, and upon correction being made, the report will be confirmed.

From a final decree in conformity with the opinion, William Jones Sloan appealed.

*V. Gilpin Robinson* and *Charles C. Lister,* for appellant.— A promissory note is not a security for money. Brown v. White, 3 Blackf. 431.

An "I. O. U." given to the testator for goods sold by him is not a security for money within the meaning of a bequest "of all my money and securities for money." Barry v. Harding, 1 Jones & LaT. 475.

It must be remembered that this was not even a book account or debt due to the decedent. It was due to the firm of which he was a member. If an individual creditor of decedent attached or attempted to take it in execution, he would get nothing but a right to an account. A book debt due to the decedent directly could not be possibly considered a security, within the legal or common acceptation of the term. It is nothing given by the debtor to the creditor, but simply a charge made by the creditor on his own books against the debtor. It has no formal instrument to support it and payment could only be enforced upon it by an action at law in the name of the firm or the surviving partner in this instance, for work and labor done. Wallace v. Fitzsimmons, 1 Dall. 248, 1 L. ed. 122; M'Cartey v. Nixon, 2 Dall. 65, note, 1 L. ed. 291, note; Lindley, Partn. pp. 504, 867.

*John M. Broomal* for appellee.

PER CURIAM:
The learned judge gave a correct construction to the will. The intent of the testator to use the term "personal property" in a restricted sense, is clearly manifested. He certainly did not intend to include any debts or demands due him.

It may be conceded as a general rule that legacies are to be paid out of the personal estate, if not otherwise directed. Here, however, it was directed otherwise. The testator ordered the legacy given to Albert Wilson Sloan to be paid out of the fund produced by a sale of certain lands devised for that purpose. There is no error in the decree.

Decree affirmed and appeal dismissed, at the costs of the appellant.